■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT FERNANDEZ, Appellant.— In a *coram nobis* proceeding, defendant appeals from two orders of the Supreme Court, Queens County, one dated May 21, 1969, which denied the application after a hearing, and the other dated June 19, 1969, which granted reargument and reconsideration, but adhered to the original determination. Appeal from order dated May 21, 1969 dismissed as academic. That order was superseded by the order dated June 19, 1969. Appeal from so much of the order dated June 19, 1969 as granted reargument and reconsideration dismissed. Appellant is not aggrieved by said portion of the order. Order dated June 19, 1969 reversed insofar as it adhered to the original determination, on the law and the facts, and application granted; the judgment of the former County Court, Queens County, rendered March 23, 1958, convicting defendant of rape in the first degree and a related crime, is vacated for the purpose of permitting him to be resentenced *nunc pro tunc* in order to allow his time to

appeal to run anew. At his 1958 trial defendant, then 20 years old and married, was represented by counsel whom his mother had retained. After his conviction his counsel told him he had a right to appeal, that he had 30 days within which to file a notice of appeal, and that he would have " a pretty good chance on the appeal ". Defendant was not told he could personally file a notice of appeal; and neither he nor his mother was advised that he could apply for leave to appeal *in forma pauperis*. No appeal was taken. In April, 1969 defendant was granted a hearing in this proceeding, limited to the questions of whether, as he claimed, his retained counsel had led him to believe an appeal would be taken and whether he had relied on that assurance. The court properly held that the proof at the hearing did not support this claim. However, the testimony also indicated that defendant's mother held three jobs to make ends meet, had not paid the trial counsel's fee in full and was financially unable to pay for defendant's appeal. At the hearing defendant's assigned counsel urged that defendant had been deprived of his right to appeal because of indigence, but the court denied the application, holding that defendant had been fully informed of his right to appeal. Defendant moved for reargument and reconsideration on the ground that the testimony at the hearing showed that the only reason why he did not appeal was because he could not afford it. The court granted reargument and reconsideration, but adhered to its original decision. In our opinion this was error. Although the record does not conclusively establish that defendant was indigent, in our opinion this may reasonably be inferred from the fact that it was his mother, and not he, who paid for the retained lawyer. He was married. His mother held three jobs to make ends meet and had another son in trouble with the law to worry about. In view of defendant's indigence we find that the failure of his retained counsel to advise him of his right to appeal as a poor person without payment of additional fees constituted a failure to *fully* apprise defendant of his right to appeal. We also find, without passing on the merits, that defendant had at least arguable merit in his appeal. In these circumstances, defendant should be resentenced *nunc pro tunc* in order to let his time to appeal run anew (see *People* v. *O'Bryan,* 26 N Y 2d 95, 96; *People* v. *Montgomery,* 24 N Y 2d 130, 132; cf. *People* v. *Saunders,* 28 N Y 2d 196, 201–202; *People* v. *Lucci,* 27 N Y 2d 550, 551). Munder, Acting P. J., Martuscello, Latham and Christ, JJ., concur; Shapiro, J., not voting.